IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROSE MARY SMITH and RODNEY G. SMITH                              PLAINTIFFS

VS.                                      CIVIL ACTION NO.: 2:17-cv-164-KS-MTP

JOSE D. RAMIREZ and STARR INDEMNITY
& LIABILITY COMPANY                                              DEFENDANTS

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Starr Indemnity & Liability Company ("Starr") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and gives notice of the removal of this action from the Circuit Court of the Second Judicial District of Jones County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division.  As grounds for this removal, Starr states as follows:

1.      Starr is a named defendant in an action commenced on or about April 27, 2017, in the Circuit Court of the Second Judicial District of Jones County, Mississippi, captioned *Rose Mary Smith and Rodney G. Smith v. Jose D. Ramirez and Starr Indemnity & Liability Company*, Case No. 2017-43-CV4 (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a) and Local Uniform Civil Rule 5(b), a certified copy of the state court record will be filed within 14 days of the date of removal.

3.      Plaintiffs served Starr with their motion to non-suit resident defendant Jose D. Ramirez on August 30, 2017.  This notice of removal is, therefore, timely filed within thirty (30) days after receipt by Starr of a "motion" or "other paper" from which Starr could ascertain that the case is one which has become removable in accordance with 28 U.S.C. § 1446(b)(3).  *See Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) (explaining this court applies the "voluntary-involuntary" rule in assessing the removability of a case based on dismissal of the

nondiverse defendant, and finding an action only becomes removable "[i]f the plaintiff initiates the dismissal") (denying motion to remand because case became removable after defense counsel received correspondence from plaintiff's counsel submitting agreed order of dismissal for court's entry, i.e. presenting unequivocal abandonment of case against nondiverse defendants); *Gandy v. Crompton*, 55 F. Supp. 2d 593, 597 (S.D. Miss. 1999); *Estate of Martineau v. Arco Chem. Co.*, 203 F.3d 904 (5th Cir. 2000) (settlement agreement eliminated co-employee as nondiverse defendant) (applying Texas law).

4. The United States District Court for the Southern District of Mississippi, Eastern Division, embraces the county in which the State Court Action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. §§ 104(b)(1) and 1441(a).

5. No previous application has been made for the relief requested herein.

6. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with a written Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Second Judicial District of Jones County, Mississippi.

## Removal is Proper Based on Diversity Jurisdiction

7. A district court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 if the citizenship of each plaintiff is diverse from the citizenship of each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Citizenship of the parties is determined as of the time the Complaint is filed. *See Oatis v. Wal-Mart Stores, Inc.*, No. 2:13cv162-KS-MTP, 2013 WL 5817590, at *1 (S.D. Miss. Oct. 29, 2013) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004)).

8. Diversity of citizenship exists following non-suit of resident defendant Jose D. Ramirez. According to the Complaint, Plaintiffs are adult resident citizens of the State of

Mississippi. Compl. ¶ I. Thus, Plaintiffs are citizens of the State of Mississippi for purposes of diversity of citizenship.

9. Starr is, and was at the time of the filing of this lawsuit, a Texas corporation with its principal place of business in the State of New York. *See* Affidavit of Mark Killion, *attached as* Ex. A to Starr's Notice of Removal. Thus, Starr is a citizen of the State of Texas and a citizen of the State of New York for purposes of diversity of citizenship.

10. As the matter in controversy following non-suit of resident defendant Jose D. Ramirez is between citizens of different states, there is complete diversity of citizenship between Plaintiffs and Defendant.

11. Removal based on diversity jurisdiction also requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). The defendant may either show the Court that it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum or, if not facially apparent, set forth facts supporting the requisite finding. *See Archie v. John St. John & Schneider Nat'l Bulk Carriers, Inc.*, Civ. A. No. 1:12CV141-LG-JMR, 2012 U.S. Dist. LEXIS 99478, 4 (S.D. Miss. July 18, 2012) (citing *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003)).

12. It is apparent from facts learned through discovery that the amount in controversy exceeds $75,000. In response to Starr's interrogatories to Plaintiffs, Plaintiffs set forth medical expenses that they seek to recover in this lawsuit that exceed $75,000. *See* Pls.' Resp. to Interrog. No. 14, *attached as* Ex. B to Starr's Notice of Removal. *See, e.g., Thompson v. S. Nat'l Fin. Corp.*, No. 3:06cv75-WHB-JCS, 2006 WL 980783, at *2 (S.D. Miss. Apr. 12, 2006) (finding plaintiff's responses to interrogatories showing plaintiff sought damages in excess of $75,000 satisfied the amount in controversy element for removal on diversity jurisdiction

grounds); *Jordan v. Barnhill's Buffet, Inc.*, No. 1:11cv72-HSO-JMR, 2011 WL 2078012, at *2 (S.D. Miss. May 20, 2011).

13. Accordingly, this action is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" pursuant to 28 U.S.C. § 1441(a), and is properly removable to this Court as a "civil action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States" within the meaning of 28 U.S.C. § 1332(a).

WHEREFORE, PREMISES CONSIDERED, Defendant Starr Indemnity & Liability Company files this Notice of Removal and removes this civil action from the Circuit Court of the Second Judicial District of Jones County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. Plaintiffs are hereby notified to proceed no further in state court.

This the 28th day of September, 2017.

                Respectfully submitted,

By:   *s/ Kathleen Ingram Carrington*
      Joshua J. Wiener (MB No. 7185)
      Kathleen Ingram Carrington (MB No. 104220)

*Counsel for Starr Indemnity & Liability Company*

OF COUNSEL:

Joshua J. Wiener (MB No. 7185)
Kathleen Ingram Carrington (MB No. 104220)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010 (39158)
Tel: 601-948-5711
Fax: 601-985-4500
josh.wiener@butlersnow.com
kat.carrington@butlersnow.com

## CERTIFICATE OF SERVICE

    I, Kathleen Ingram Carrington, one of the attorneys for Defendant Starr Indemnity & Liability Company, electronically filed the foregoing Notice of Removal with the Clerk of the Court using the Court's ECF system, which sent notification of such filing to the following counsel of record:

        S. Wayne Easterling, Esq.
        Post Office Box 1471
        Hattiesburg, MS 39403

        John Raymond Tullos, Esq.
        Post Office Box 74
        Raleigh, MS 39153

        *Counsel for Plaintiffs*

    SO CERTIFIED, this the 28th day of September, 2017.

                                            *s/ Kathleen Ingram Carrington*
                                            KATHLEEN INGRAM CARRINGTON