# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ROSE MARY SMITH, *et al.***                                                            **PLAINTIFFS**

**v.**                                                 **CIVIL ACTION NO. 2:17-CV-164-KS-MTP**

**STARR INDEMNITY & LIABILITY COMPANY**                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Plaintiffs' Motion for a New Trial [81].

### A.    *Background*

This is an insurance dispute. Plaintiff Rose Mary Smith was in an automobile accident caused by an uninsured motorist. At the time of the accident, Smith was insured under an insurance policy issued by Defendant, Starr Indemnity & Liability Company, which provided up to $1,000,000.00 in uninsured motorist coverage. Defendant did not dispute coverage. Rather, it disputed the amount of Smith's injuries caused by the accident.

The Court held a three-day jury trial. Plaintiffs sought payment for Rose Mary Smith's physical injuries and medical bills, Rodney Smith's loss of consortium, and economic losses in Plaintiffs' business. During closing argument, Plaintiffs' counsel asked the jury to award Plaintiffs $5,000,000.00 in damages. The jury awarded Plaintiffs $37,000.00 – $12,000.00 for Rose Mary Smith's past medical bills, $25,000.00 for Rose Mary Smith's noneconomic damages, and nothing for her future

medical bills, her lost wages, and her husband's loss of consortium. *See* Jury Verdict, *Smith v. Starr Ind. & Liab. Co.*, No. 2:17-CV-164-KS-MTP (S.D. Miss. May 6, 2019), ECF No. 80. Unsatisfied with the verdict, Plaintiffs filed a Motion for New Trial [81], which the Court now addresses.

## *B.    Discussion*

Rule 59 provides that the "court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED. R. CIV. P. 59(a)(1). Plaintiffs made two arguments in favor of their motion.

First, Plaintiffs argue that the jury's verdict was against the weight of the evidence because the jury "obviously" based their verdict on the testimony of Defendant's expert, Dr. David Gandy, which Plaintiffs contend was flawed in several respects. "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). The Court "must affirm the verdict unless the evidence – viewed in the light most favorable to the jury's verdict – points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary conclusion." *Id.* (punctuation and citations omitted).

Plaintiffs' argument rests upon an erroneous assumption. Plaintiffs assume that the jury must have credited Dr. Gandy's testimony, arguing that there is no other explanation for the verdict. To the contrary, the jury could have simply disbelieved

2

Plaintiffs and their witnesses. Plaintiffs had the burden of proving the amount of their damages caused by the accident. *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1157 (Miss. 2010) ("The burden of proving coverage rests with the insured."). The jury has sole discretion to credit or discredit any evidence as it deems appropriate. *Montano v. Orange County, Tex.*, 842 F.3d 865, 874 (5th Cir. 2016). Therefore, the jury could have rejected Plaintiffs' $5,000,000.00 demand because they did not find Plaintiffs' evidence credible.

Regardless, if the jury credited Dr. Gandy's testimony, that was their prerogative. *Id.* Plaintiffs filed no motions challenging Gandy's qualifications or the relevancy or reliability of his testimony. *See* FED. R. EVID. 702. Plaintiffs cross-examined Gandy. They argued in closing that the jury should disregard Gandy's testimony. Plaintiffs have not identified any erroneous or prejudicial ruling by the Court related to Gandy's testimony. In fact, Plaintiffs made no contemporaneous objection to Gandy's testimony. Moreover, they had a chance to present a rebuttal witness to his testimony but chose not to do so.

Reasonable persons could believe Dr. Gandy's testimony and conclude, based on all the evidence presented at trial, that Plaintiffs were only entitled to $37,000.00. Likewise, reasonable persons could disbelieve much of Plaintiffs' evidence and conclude that they were only entitled to $37,000.00. All the nits that Plaintiffs picked out of Gandy's testimony were fodder for cross-examination and closing argument, rather than grounds for exclusion or granting a new trial. Bottom line: Plaintiffs have

3

not provided the Court with any basis to conclude that the jury's verdict was against the great weight of the evidence.

Plaintiffs' also argue that the Court should grant them a new trial because Juror No. 1's husband is employed by First South Farm Credit Company and was "actively involved in negotiations with [Plaintiff Rose Mary Smith] in determining whether First South Farm Credit would purchase an office owned by [Smith] in Jones County, Mississippi," and "the negotiations resulted in his company purchasing the property." Exhibit B to Motion at 1, *Smith v. Starr Ind. & Liab. Co.*, No. 2:17-CV-164-KS-MTP (S.D. Miss. May 24, 2019), ECF No. 81-2. Smith claims that she "was not aware of the family relationship at the time that the jury was questioned and, therefore, was not aware of the prior dealings" with Juror No. 1's husband. *Id.*

During *voir dire*, Juror No. 1 identified herself by name and stated where she lived and what she did for a living. She also identified her husband by name and stated that he worked for First South Farm Credit. Later, the Court asked the panel if anyone knew the Plaintiffs, was related to them, or had any sort of connection to them or their business. Juror No. 1 did not respond affirmatively to the Court's question. Later, in chambers, Plaintiffs did not challenge Juror No. 1 for cause or use a peremptory challenge to strike her from the panel.

To obtain a new trial, Plaintiffs "must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for

4

concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S. Ct. 845, 78 L. Ed. 2d 663 (1984). Therefore, "[e]ven when a juror's non-disclosure is dishonest as opposed to mistaken, his behavior is not a basis for reversal unless the dishonesty appears to be rooted in bias or prejudice." *United States v. Bishop*, 264 F.3d 535, 555 (5th Cir. 2001). "[A] finding of juror bias is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." *Thomas v. Ogletree Deakins Nash Smoak & Stewart, P.C.*, 80 F. App'x 324, 2003 WL 22490286, at *1 (5th Cir. 2003).

First, Plaintiffs have not demonstrated that Juror No. 1 "failed to answer honestly a material question on *voir dire* . . . ." *Greenwood*, 464 U.S. at 556. Plaintiffs have not provided the Court with any reason to conclude that Juror No. 1 knew who Rose Mary Smith was, or that her husband had been involved in a business transaction with Smith. In fact, Smith claims to have "had face-to-face negotiations" with Juror No. 1's husband, yet she claims that she "was not aware of the family relationship at the time that the jury was questioned," despite Juror No. 1 clearly stating her husband's name and employer during *voir dire*. If Smith did not recognize Juror No. 1 after she provided her husband's name and employer, why would Juror No. 1 recognize Smith? Plaintiffs apparently want the Court to assume that Juror No. 1 knows every person with whom her husband conducts business. The Court declines to do so.

5

Next, even if Juror No. 1 knew who Rose Mary Smith was and failed to divulge that information,[1] Plaintiffs have not proven that the alleged dishonesty was "rooted in bias or prejudice." *Bishop*, 264 F.3d at 555. According to Rose Mary Smith's affidavit, Juror No. 1's husband's employer purchased a property from her. She did not claim that the negotiations were acrimonious or otherwise indicate that she was dissatisfied with the transaction. Therefore, the Court has no basis to conclude that Juror No. 1 was motivated by bias or prejudice against Plaintiffs.

## C. *Conclusion*

For these reasons, the Court **denies** Plaintiffs' Motion for a New Trial [81].

SO ORDERED AND ADJUDGED this 1st day of July, 2019.

/s/ Keith Starrett<br>KEITH STARRETT<br>UNITED STATES DISTRICT JUDGE

---

[1] To be clear, the undersigned judge does not believe that Juror No. 1 intentionally hid the fact that her husband's employer had purchased a property from Plaintiff Rose Mary Smith. There was no indication of dishonesty or subterfuge during *voir dire*. But, more importantly, she clearly identified her husband by name and employer – a poor strategy if she intended to deceive Plaintiffs.